and his official capacity at Ell. Mr. Fenner for the appellant, Mr. Abman for the appellate. Good morning. Good morning, Your Honors. Ben Fenner for appellant. You can move the podium up. This case is about application of the CCTA recordkeeping to a sovereign nation. At issue is whether ATF may reverse course without notice to my clients or any tribal instrumentality, without awareness and without reasoned explanation. This Court and the United States Supreme Court has unequivocally answered this question. No, such action violates the Administrative Procedures Act. In 1980, ATF implemented the recordkeeping provisions of the CCTA to exempt government instrumentalities. My clients are government instrumentalities of the Winnebago Tribe of Nebraska. ATF put this policy into practice. Not once until now have they sought records from my clients' instrumentalities of the Winnebago Tribe of Nebraska. Not once, to our knowledge, have they sought records from any tribal instrumentality. Can you clarify your status as a tribal instrumentality and explain why that argument was raised so belatedly below? Yes, Your Honor. The tribal instrumentality was assumed on the record, as Judge Cooper's decision noted. If it was an issue, as we raised in our briefing below, then that such would preclude summary judgment and would require a factual finding on tribal instrumentality. The person argument raised below was raised in a supplemental pleading due to the fact that the material was discovered by us at that stage and we immediately notified our friends on the other side. Are you aware that there was a doctrine at the turn of the 20th century, or all the way through to about 1922, of a federal instrumentality doctrine? Are you familiar with that? I won't go through the details, but the Supreme Court finally put the kibosh to that whole notion in a case called Cotton Petroleum v. State of New Mexico. Are you familiar with that? I'm familiar with that case, Your Honor, yes. And Justice Stevens' opinion totally rejected the instrumentality doctrine. That's not the doctrine you're relying on. No, we are relying on the arm of the tribe analysis. I have a problem that I hope you can enlighten me on. Each one of these entities that is dealing in cigarettes are corporations, correct? They are, Your Honor, yes. Under tribal law, they're incorporated. Correct. According to your complaint. The Dictionary Act, Section 1, defines persons as including corporations. Why isn't that the end of this case? Your Honor, we are not corporations as the ATF has asserted in their pleading and as has been in the CCTA. The title of your brief is Ho-Chunk, Inc. The short answer is that we are owned by the tribe and operate for the benefit of the tribal members. What's that matter? You're still a corporation. Clients are corporations, and the Dictionary Act defines persons, which this statute deals with, as including corporations. There's a distinction. We argue a clear distinction between an individually owned, private individually owned corporation, whether it's organized under state law or tribal law or whoever's law, and a tribally owned instrumentality. It's like the example we made below, like any other state entity that may be incorporated. It's still a government entity that operates with that government's sovereign immunity under a broad line of cases. That's the kind of argument that the Supreme Court rejected in Congress. But if you look to, for example, Bay Mills or Inyo County, which we cite below, the arm of the tribe in Inyo County, for example, was the casino owned by the Paiute tribe, I believe it was. And the finding is that they are government instrumentalities exempt from person under 1 U.S.C. 1. And that's what we're talking about here is the exemption under 1 U.S.C. 1, which is in the regulations and has been carried forward for approximately 40 years. But, Mr. O'Connor, it seems like really more at the nub of your case, and the thing you have to contend with is the statute's different treatment of reporting requirements and record keeping requirements. The reporting requirement expressly does not apply to the tribal instrumentalities. The record keeping is silent. Why don't we take a negative implication from that and say the record keeping does apply? Certainly, Your Honor. The ATF was given legislative authority to implement the record keeping requirement. They did so in 1980, exempting government instrumentalities. The exemption's already there. In 2343B, added to the reporting requirement, added to the statute in 2006, tribes fought for that in the interim between 1978 enactment of the statute and 2006. There were numerous jurisdictional battles across the United States between states and between tribes on tax and regulatory jurisdiction over tobacco sales on Indian country. And there was the implementation of the master settlement agreement between big tobacco and states. And in that context then in 2006, when the reporting requirements were added into the statute, tribes were scared. I mean, the red flag had been raised, and they went to Congress and they fought for protections. The protections were already in 2343A. It read in conjunction with the legislative rule the ATF implemented in 1980, exempting government instrumentalities from the record keeping requirement. The ATF has never, as I said, pursuant to their 1980 regulation, exempting government instrumentalities, never sought records from my client. What they're seeking here under the CCTA, they're asking here to revise their interpretation through letters issued to three of several similarly situated regulated entities without awareness and without an explanation. In 2010, they sought to revise their regulations to implement the 2006 revisions on notice and comment, as they know they're required to do for this legislative rule. They never completed the rulemaking process. My clients had watched the regulations go through and monitored those. These corporations, are they within the Winnebago Reservation? They are, Your Honor. The board consists of tribal council members and the tribe ultimately. And the employees of the corporation? Employees of the corporation are tribal members, non-tribal members. Tribal members and non-tribal members. Yes, Your Honor. The statute refers to any person who sells or ships or distributes any quantity of cigarettes, etc., etc., etc. Does that apply to the individual employees? Yes, Your Honor. I believe it does. Okay. Are subject to this record-keeping statute? Yes, Your Honor. We've never argued that the CCTA does not apply to individuals in Indian Country. Yes, Your Honor. But it doesn't apply to the corporation? As implemented by ATF in the legislative rulemaking, no. Okay. So the – You said that in your brief that the Winnebago Reservation, was that tribal land or is it just – was it just a public land that was reserved for the purpose of allowing the Winnebago Tribe to occupy it? It's tribal land. It's a tribal reservation located – Was it executive order or was it by statute? I'd have to confirm that. I believe it's – I don't want to say at this point. I can confirm that and let you know on rebuttal. And it was open to settlement by allotment when? I'm not aware of that fact, Your Honor. I can address that. But your brief said that the land base has been diminished by allotment. Oh. So that had to be the Homestead Act or the Desert Lands Act, right? The Homestead Act, yes, Your Honor. Okay. The – my clients are – The sale of cigarettes is not only to tribal members but also to members of the public, right? That's correct. Okay. And the state imposes taxes on the sales to non-tribal members, right? I believe that is the case, yes. Okay. The question of tax and regulatory jurisdiction is very nuanced in Indian country, but the one – there is a per se rule that – No, it's not Indian country. It's reservation land. Well, reservation land. I use the term interchangeably. There's a per se rule that states cannot tax tribes. Right. So in that context, it's more clear. That's correct, Your Honor. That's Cabazon footnote 17. And my clients are entitled to rely on the text of the regulations that went through the process Congress set forth for regulatory rulemaking, administrative rulemaking, and to ask them to divine agency interpretation in advance or risk liability when enforcement action is sought and agency demands deference is unprecedented. Do you see a difference between in the states as referring to a geographic space and the states, which refers to them as a legal entity? In the states? I'm sorry. As I understand the question, I believe the states have – they're not a person under 1 U.S.C. 1. But transactions that occur in the states are covered in the sense of in the states and any subdivision of the state or Indian sovereignty within a state. Certainly Indian country is within a state, but the CCTA has never been – to our knowledge. No tribe? No tribe. Yeah. Yeah, but nobody's arguing that the tribe is subjected to the record-keeping requirements. It's the three corporations that are subject. Certainly not. These corporations, as arms of the tribe, are being asked for their records. These go straight to the arm of the – these are addressed to the arm of the tribe. Okay. We ask that the court vacate the records request, and if I may reserve two minutes. Of course. Thank you. Thank you. Counsel for Appleby. Yeah, please. May it please the court, we'll have a minute for the government. To begin, Judge Randolph, you're absolutely right that there is a factual question here, whether the organizations, whether the corporations at issue are, in fact, arms of the tribe or tribal instrumentalities such that they are entitled to the status of the tribe. The district court decided this case assuming that that was correct, and if this court thinks that further proceedings on that question are warranted, it can, of course, remand for that factual question. But on the legal question at issue in this case, I'd like to focus just on a couple of – Why isn't it – call it an instrumentality, call the corporations instrumentalities, call them whatever you want. They're still corporations. The Dictionary Act defines persons as corporations, and the statute deals with persons. So why isn't that the end of it? I think that may well be the end of it, Judge Randolph. The district court didn't decide that question, just in part based on the fact that the argument was made so belatedly. But if the court – I've worked at Novo Review. I think that the problem may be that some facts are required to determine whether or not they are entitled to the status of the tribe. And rather than getting into that factual question here, we've just made the argument that the district court's opinion can be affirmed on the basis that the district court decided it. Do you have anything to point to that shows any enforcement of the record-keeping provisions against any tribe or tribal entity? Not the record-keeping provisions per se, although I do want to just make a factual note that the record-keeping provisions have applied since 1978. But ATF only has – only received authority to inspect the records of entities in 2010, without a warrant or without the consent of the entity, and it has been exercising that authority ever since. I believe this is the first time they've exercised it against a party that asserts to be a tribal organization, but that comes as no surprise, I think. But as to the broader question of enforcement of the CCTA with respect to tribal organizations, yes. In the mid-'90s, there was a flurry of litigation over whether the CCTA applies to Indians and Indian tribal organizations, and every court to consider the question concluded that it did. Now, Congress in 2006 returned to the statute and amended it, and if Congress had believed that those prior interpretations of the CCTA were wrong, one would have expected Congress to say so. But in fact, Congress said the opposite, and Congress carved out other exemptions for Indians and Indian tribes that one can only make sense of, that are only really coherent if one understands the CCTA more broadly to apply to Indians and tribes. Well, but petitioners also do point to this somewhat confusing history regarding the Dictionary Act and the request for an exemption. I think it was not tribal, but entities that sell on military bases, and they said, oh, no, you don't need an exemption because the 1 U.S.C. Section 1 definition applies. Right, so in 1980, during notice and comment rulemaking, a federal instrumentality in a military base exchange asked for an exemption from the recordkeeping requirement for federal instrumentalities, and ATF opined at that time that an exemption for federal instrumentalities wasn't necessary. But I think that that can hardly speak to the question of whether or not a tribal instrumentality or tribal government is governed by the CCTA. And I think to the degree that the ATF used broad language in that comment. Who was it that said it was on a military reservation? It was on a military base. The comment came from someone who sold cigarettes on a military base. Was it a private entity that was on the base? I don't believe it was. I can check, but I think that it was a federal entity. It was the military itself. Which obviously stands on a very different footing than a tribal instrumentality. Than a corporation? That's right, than a corporation. The tribe is saying this is directed to sovereigns, and they're a sovereign, even though sometimes overlooked as such. And they're saying if you're treating sovereigns that way, then we get that treatment. And they claim a reliance, at least a reliance ground there. And your response to that is? Well, I guess I have a couple of responses to that. I mean, first, their claim to a reliance interest on that is somewhat belied by the fact that they argue that they only brought it to the district court's attention because they found out about it so late. But more to the point, I think that read in context, that comment can only be understood to apply to the federal government on a federal military base. And to the extent that that comment used broad language, it is in conflict with the uniform line of precedent, concluding in which ATF has argued that Indian tribes and tribal organizations are subject to the provisions of the CCTA. So tribes, your position is, even though it's not at issue in this case, your position is that tribes, if the tribe was selling the cigarettes as opposed to these entities, that the tribe itself would be subjected to the record-keeping inquiry. That's right. And we think that that's the only way to read the statute. I mean, if you look at the language of the record-keeping provision itself, it applies to all persons without limitation. If you look at the very next subsection of that provision, except for a tribal government. What do you do with the Dictionary Act? Well, the Dictionary Act includes a non-exhaustive list of entities that qualify as persons. There is, of course, a presumption that the term person does not include the sovereign, but that's a presumption, and it can be overcome by evidence of congressional intent to the contrary, and here there's strong evidence of congressional intent to the contrary. How strong is it? Well, not just with respect to the distinction between the reporting provision and the record-keeping provision, but also, I mean, I would direct the Court to Section 2346B here, where Congress said that states, local governments, and federal permittees, federal cigarette manufacturers who have a federal permit, can bring suit to enforce the CCTA. Congress then said they can't bring suit against an Indian and Indian country or an Indian tribe. That exemption would just be unnecessary if Congress did not believe that the CCTA applied to tribes in the first place. I'm happy to answer any other questions the Court has. Otherwise, we urge the Court to affirm. Thank you. Thank you. Counsel Farrell? Thank you, Your Honors. We could argue the intent of Congress all day. It's really not at issue. What is at issue is the legislative rule that ATF implemented on the record in 1980, exempting government agencies and instrumentalities. And that's all that is relevant here before the Court. My friend points to our reliance interest. That's likewise irrelevant. There's lack of even awareness or any explanation. Reliance just gets you to the more detailed justification that's required. We have no justification, zero. The site to precedent, there is no precedent. There are brief sites to no precedent where the record-keeping requirement has been enforced against a tribe or tribal instrumentality, or the CCTA has been enforced against a tribe instrumentality. Mr. Fenner, why isn't the beginning and end of the case that the provision adding a reporting requirement applies to any person except for a tribal government, implication clearly being, without that exception, that person in this statute includes tribal government, and therefore that the record-keeping or other provisions that are silent with respect to their reach in this statute apply to a tribal government? Certainly. And that may be ATF's position, and I believe that's what they're telling us here today in litigation. But, again, our point is that if you read 2343A alongside the implementing legislative rule, it has the same effect for our purposes. Do the corporations have a purpose? When you talk about the implementing legislative rule, you're talking about? I'm sorry, the CFR as implemented through notice and comment in the federal register that is? But the aspect of that that you think is in conflict with the record-keeping is? Our clients are not unwilling to comply with the record-keeping requirement. It just has to be on notice, and it has to have some acknowledgement of the long, almost 40-year precedent that's been affected here by ATF in reliance on the, we argue, 1980 legislative rule. When was Ho-Chunk, Inc. established? Ho-Chunk, Inc. was in 92, Your Honor. And I assume that these entities, there are three of them, right? Correct. That they can sue and be sued, is that correct? They enter into contracts, obviously, to get the cigarettes and advertisement and all the rest of it, and in entering into those contracts, can they be sued? Sorry, I didn't mean to step on your toes there. They're endowed with the tribe's immunity from suit, and so it's a contractual matter, contract by contract, if that immunity is waived. Oh, it's waived? Yes. It may be in certain instances, and in other instances it's not. Are the articles of incorporation part of the record in this case? I believe the record, they were cited in the briefs, they're available online. No, the articles of incorporation are not part of the record. I'm thinking of the Constitution. They're not available? No, Your Honor. I can certainly provide those to the court. What about the tribal incorporation provisions? They were referenced in our affidavit in support of our motion for summary judgment below, but I don't believe that actual records were attached. And I'd like to point the court to breakthrough management out of the Tenth Circuit to distinguish the arm of the tribe analysis from the government instrumentality analysis. There's a separate line of reasoning behind determining whether an entity is an arm of the tribe going to, for example, whether the profits support the tribal economic base, et cetera. There was a whole line of authority, including Supreme Court cases back in the 1915, 16, that said that Indian tribes were federal instrumentalities. I'm not aware of that line of cases offhand, Your Honor. There's a newer line of cases. You're not claiming that here. No, sir. There's a newer line of cases on arm of the tribe, which is more nuanced. And I agree with my friend, if that is an issue, I think it requires remand for a factual finding. If there's no further questions, we ask the court to vacate the record-keeping request. Thank you. Thank you. We'll take the case under advisement.
judges: Rogers, Pillard, Randolph